UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFREY NELSON,

        Plaintiff,

v.                                 Case No. 3:20-cv-99-J-39JBT

J. BURNHAM, et al.,

        Defendants.

_____

**<u>ORDER</u>**

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.) under 42 U.S.C. § 1983. Plaintiff moves to proceed in forma pauperis (Docs. 3, 4). He names the following Defendants: Officer J. Burnham, Lieutenant J. DiMaurio, and Sergeant T. Spradley. Plaintiff's primary claim is an alleged Eighth Amendment violation by Officer Burnham. Plaintiff alleges on July 25, 2019, Officer Burnham slapped and punched him while he was handcuffed and standing in a "blind spot." Compl. at 3, 5. Plaintiff names Lieutenant DiMaurio and Sergeant Spradley as Defendants because they observed the incident from inside the lieutenant's office but did nothing. Id. at 5. Plaintiff also alleges Officer Burnham violated his First and Fourteenth Amendment rights by engaging in a pattern of intimidation against him. Id. at 3, 6-7. As relief,

Plaintiff seeks punitive, compensatory, and nominal damages. Id. at 8.

Upon review of the Complaint, the Court concludes Plaintiff has failed to set forth his claims sufficiently. Federal Rule of Civil Procedure 8(a) requires a pleading to include a short and plain statement of the claim showing the pleader is entitled to relief. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To survive dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." Id. To state a plausible claim, a plaintiff must do more than make conclusory assertions unsupported by factual allegations.

First, Plaintiff fails to state a claim against Lieutenant DiMaurio and Sergeant Spradley. A viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: the conduct complained of was committed by a person acting under color of state law, and this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. According to Plaintiff, Lieutenant DiMaurio and Sergeant Spradley did not participate in the alleged use-of-force incident. And Plaintiff does not allege they were in a position to

have intervened but did not. Rather, it appears Plaintiff names these Defendants solely because they are "ranked officials." See Compl. at 5. Being a ranked official, however, does not result in liability under 42 U.S.C. § 1983. In fact, the Eleventh Circuit has explicitly rejected supervisory liability as a theory of recovery under § 1983. For a supervisor to be liable, the supervisor must personally participate in the alleged constitutional violation or there must be a causal connection between the supervisor's actions and the alleged constitutional deprivation.

Second, Plaintiff fails to state a First Amendment retaliation claim against Officer Burnham. While unclear, it appears Plaintiff contends Officer Burnham retaliated against him for filing grievances. Id. at 3. Plaintiff identifies numerous instances in which Officer Burnham, over a period of months, denied him certain privileges, was verbally abusive,[1] or destroyed his personal property. Id. at 6-7. While Plaintiff mentions he engaged in protected speech (filing grievances), id. at 3, he does not allege facts demonstrating a causal connection between his protected speech and Officer Burnham's actions against him. Plaintiff's conclusory assertion that Officer Burnham engaged in

---

[1] Plaintiff should know threatening language and gestures are not constitutional violations. McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983).

"acts of retaliation" against him does not satisfy the federal pleading standard.

Finally, Plaintiff fails to state a claim under the Fourteenth Amendment. Plaintiff vaguely asserts his Fourteenth Amendment right was violated because he was "t[r]eated different[ly] thene [sic] other inmates." Id. at 3. Plaintiff does not support this conclusory assertion with factual allegations.

To proceed, Plaintiff must file an amended complaint on the enclosed civil rights complaint form and in compliance with federal pleading standards. If Plaintiff chooses to amend his complaint, he should assess his case and name as defendants only those individuals allegedly responsible for violating his federal constitutional rights, and he must allege how each individual is so responsible. Plaintiff must also adhere to the following instructions.

1.   The amended complaint must be marked, "Amended Complaint."

2.   The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation(s).

3.   The amended complaint must state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

4.   The list of defendants named on the first page must match the list of named defendants in section I.B.

5.   The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6.  In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[2]

7.  In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured Plaintiff.[3]

8.  In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action.

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4)

---

[2] Plaintiff may attach additional pages if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

[3] The Prison Litigation Reform Act provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

> the complaint otherwise complies with the
> requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

The **Clerk** shall send Plaintiff a civil rights complaint form. By **March 9, 2020,** Plaintiff must mail an amended complaint to the Court for filing. The amended complaint should comply with the instructions on the form and those provided in this order. Also by **March 9, 2020,** Plaintiff must mail to the Court one copy of the amended complaint (including exhibits)[4] for each named defendant. Failure to comply may result in the dismissal of this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of February, 2020.

JOEL B. TOOMEY
United States Magistrate Judge

---

[4] Plaintiff may include exhibits, such as grievances or medical records. Plaintiff must individually number each exhibit in the lower right-hand corner of each exhibit. If his first exhibit has multiple pages, he should number the pages 1-A, 1-B, 1-C, etc.

Jax-6
c:
Jeffrey Nelson